```
               UNITED STATES BANKRUPTCY COURT
              EASTERN DISTRICT OF NORTH CAROLINA
                       RALEIGH DIVISION
```

IN RE:                                            CASE NO.

**THADDEUS RUDOLPH JONES, JR.**                   06-00050-5-ATS

    **DEBTOR**

## ORDER INTERPRETING 11 U.S.C. § 362(c)(3)(A) AND EXTENDING AUTOMATIC STAY PURSUANT TO § 362(c)(3)(B)

The matter before the court is the Motion for Declaratory Judgment and, in the Alternative, for the Continuance of the Automatic Stay filed by the chapter 13 debtor, Thaddeus Rudolph Jones, Jr. The debtor, in his motion filed on January 17, 2006, requests the court to interpret the meaning of the phrase "with respect to the debtor" in 11 U.S.C. § 362(c)(3)(A), and determine whether the automatic stay will terminate under that section. If the court determines that the stay will terminate under that section, the debtor requests an extension of the automatic stay pursuant to 11 U.S.C. § 362(c)(3)(B).

National City Home Loan Services, Inc. ("National"), a secured creditor with a lien on the debtor's residence, filed a response in opposition to the motion, and a hearing was set for February 7, 2006. The parties requested additional time to file briefs, and the hearing was continued to March 7, 2006. With the consent of National, the court preliminarily re-imposed the automatic stay until the debtor's motion is decided.

Thaddeus Rudolph Jones, Jr. filed his second petition for relief under chapter 13 of the Bankruptcy Code on January 17, 2006. The debtor's first chapter 13 case (Case No. 04-01250-5-ATS) was dismissed on October 28, 2005. In the prior case, National filed a motion for relief from stay based on the debtor's failure to make payments, and the motion was resolved by a consent order entered on November 17, 2004. The trustee later moved to dismiss the case, the debtor did not oppose dismissal, and the case was dismissed. After the first case was dismissed, National commenced a foreclosure proceeding. The prepetition arrearage due from the debtor to National is more than $26,000.

Because Mr. Jones' previous chapter 13 case was pending and was dismissed within the one-year period before he commenced his present case, § 362(c)(3) applies. The debtor acknowledges in his motion that the foreclosure proceeding brought by National constitutes an "action taken" against him within the meaning of § 362(c)(3)(A), as that language was construed by this court in <u>In re Paschal</u>, --- B.R. ---, 2006 WL 258298 (Bankr. E.D.N.C. 2006). Today's question is one that was identified but not decided in <u>Paschal</u>: When the automatic stay is terminated under § 362(c)(3)(A) as to "an action taken," to what extent is the stay terminated? Is the stay terminated only as to "actions taken" against the debtor? Or, is the termination broader and applicable to "actions taken" against the property of the debtor and against property of the estate?

2

The debtor contends that the stay only terminates under § 362(a)(3)(A) as to "actions taken" against the debtor and not as to property of the debtor or as to property of the estate. National maintains that the stay terminates as to the debtor, the debtor's property and property of the estate.

Section 362(c)(3) was added to the Bankruptcy Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. No. 109-8, § 302 ("BAPCPA"). In its entirety, § 362(c)(3) provides:

> (c) Except as provided in subsections (d), (e), (f), and (h) of this section--
>
> * * *
>
> (3) if a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)--
>> (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;
>> (B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed; and

>    (C) for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)--
>       (i) as to all creditors, if--
>          (I) more than 1 previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was pending within the preceding 1-year period;
>          (II) a previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was dismissed within such 1-year period, after the debtor failed to--
>             (aa) file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be a substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney);
>             (bb) provide adequate protection as ordered by the court; or
>             (cc) perform the terms of a plan confirmed by the court; or
>          (III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11, or 13 or any other reason to conclude that the later case will be concluded--
>             (aa) if a case under chapter 7, with a discharge; or
>             (bb) if a case under chapter 11 or 13, with a confirmed plan that will be fully performed; and
>       (ii) as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, that action was still pending or had been resolved by terminating, conditioning,

>                         or limiting the stay as to actions of such
>                         creditor[.]

11 U.S.C. § 362(c)(3).

Once again, warily, and with pruning shears in hand, the court re-enters the briar patch that is § 362(c)(3)(A). Having been here before is of some help, in that at least the thorns and thickets have a certain familiarity. Indeed, the court will closely track the path it labored to clear the first time around, and will conclude for the reasons that follow that the words "with respect to the debtor" encompass "actions taken" against the debtor, against property of the debtor, but do not include "actions taken" against property of the estate.

In Paschal, this court held that the words "action taken," as used in § 362(c)(3)(A), "means a formal action such as a judicial, administrative, governmental, quasi-judicial, or other essentially formal activity or proceeding." Paschal, 2006 WL 258298 at *5. The court identified, but did not decide the "interesting question" of whether a stay terminated as to an action taken terminates with respect to the debtor, but not as to property of the estate. Paschal at *6.

As in Paschal, the court's analysis begins with the language of the statute. "It is an axiom of statutory interpretation that the plain meaning of an unambiguous statute governs, barring exceptional circumstances." Wachovia Bank, N.A. v. Schmidt, 388 F.3d 414, 416 (4th Cir. 2004). The court must be "guided 'by reference to the language

5

itself, the specific context in which that language is used, and the broader context of the statute as a whole.'" In re Coleman, 426 F.3d 719, 725 (4th Cir. 2005), quoting Robinson v. Shell Oil Co., 519 U.S. 337, 341, 117 S. Ct. 843 (1997).

Section 362(c)(3)(A) as a whole is not free from ambiguity, but the words, "with respect to the debtor" in that section are entirely plain; a plain reading of those words makes sense and is entirely consistent with other provisions of § 362 and other sections of the Bankruptcy Code. Section 362(c)(3)(A) provides that the stay terminates "with respect to the debtor." How could that be any clearer?

Section 362(a) differentiates between acts against the debtor, against property of the debtor and against property of the estate. Section 362(a)(1) stays actions or proceedings "against the debtor;" § 362(a)(2) stays enforcement of a judgment "against the debtor or against property of the estate;" § 362(a)(3) stays "any act to obtain possession of property of the estate or of property from the estate;" § 362(a)(4) stays "any act to create, perfect, or enforce any lien against property of the estate;" § 362(a)(5) stays "any act to create, perfect, or enforce against property of the debtor any lien" to the extent it secures a prepetition claim; and § 362(a)(6) stays "any act to collect, assess, or recover a claim against the debtor . . . ."

Section 362(b)(2)(B) permits collection of domestic support obligations from "property that is not property of the estate." In re Baldassaro, --- B.R. ---, 2006 WL 459201 at *4 (Bankr. D. N.H. 2006).

Section 362(c) also distinguishes between the stay of acts against property of the estate and the stay of any other acts.  Section 362(c)(1) provides that "the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate," and § 362(c)(2) provides for the termination of the stay of "any other act" prohibited by § 362(a).

Section 521 of the Bankruptcy Code also distinguishes between property of the estate and property of the debtor. Section 521(a)(6) provides that the automatic stay is terminated "with respect to the personal property of the estate or of the debtor" if the debtor does not reaffirm or redeem property within 45 days after the first meeting of creditors.  If Congress had intended that the automatic stay would terminate under § 362(c)(3)(A) as to property of the estate, it would have specifically said so, as it did in § 521(a)(6).

In Paschal, the court observed that the language of § 362(c)(3)(A) is very different than that of § 362(c)(4)(A)(i) and was persuaded that the difference meant that the scope of the stay termination under § 362(c)(3)(A) is different and more limited than the stay termination in

7

§ 362(c)(4)(A)(i).  Paschal at *3-4.  That analysis also applies to the issue now before the court.

As the court observed in Paschal, Congress' "use of a particular phrase in one statute but not in another 'merely highlights the fact that Congress knew how to include such a limitation when it wanted to.'"  Paschal at *4, quoting Coleman, 426 F.3d at 725.  The Supreme Court's clear directive on this topic is that "[w]here Congress includes particular language in one section of a statute but omits it in another, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion."  Keene Corp. v. United States, 508 U.S. 200, 208, 113 S. Ct. 2035, 2040 (1993) (internal quotation marks and alterations omitted).

There are arguments that favor an interpretation that § 362(c)(3)(A) terminates all of the protections of the stay under § 362(a), but they are not convincing.  The legislative history, as noted in Paschal, suggests such an interpretation, but because the language here is clear, legislative history is not a factor in the court's analysis.  Paschal at *3.

It may be argued that if § 362(c)(3)(A) only terminates the stay with respect to the debtor, § 362(c)(3)(A) is inconsistent with § 362(c)(3)(B), which permits "any party in interest" to move that the stay be extended.  If § 362(c)(3)(A) only applies with respect to the debtor, the argument is that only the debtor would be interested in

8

extending the stay. It is true that if § 362(c)(3)(A) only applies with respect to the debtor, it is unlikely that anyone other than the debtor would seek an extension, but the fact that it is unlikely does not make § 362(c)(3)(A) inconsistent with § 362(c)(3)(B). Furthermore, as previously mentioned, inconsistencies are not entirely unknown to those provisions added to the Bankruptcy Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. Paschal at *6.

It is abundantly clear from the plain language of § 362(c)(3)(A) that the stay that terminates under that section is not the stay that protects property of the estate.

The debtor also maintains that § 362(c)(3)(A) does not include a termination of the stay with respect to property of the debtor. The court disagrees. Section 362(c)(3)(A) specifically refers to termination of the stay with respect to any action taken, with respect to a debt or with respect to "property securing such debts." At a minimum, the stay would therefore terminate "with respect to the debtor" as it relates to a debt of the debtor and to property "securing such debt."

Although the language in this part of the § 362(a)(3)(A) briar patch is less clear, the court interprets § 362(c)(3)(A) to terminate the stay with respect to actions taken against the debtor and with respect to the debtor's property. Although not directly applicable, § 102 provides some guidance. Under the rules of construction provided

9

in § 102(2), claims against the debtor include a claim against property of the debtor.  Section 101(12) defines debt as "liability on a claim." Section 362(c)(3)(A) terminates the stay with respect to a debtor's debts and, by definition, with respect to liability on claims including claims against property of the debtor.  See 11 U.S.C. §§ 101(12); 101(2).

To summarize, the court holds that § 362(c)(3)(A) terminates the stay with respect to actions taken against the debtor and against property of the debtor, but does not terminate the stay with respect to property of the estate.  See In re Johnson, 335 B.R. 805, 806 (Bankr. W.D. Tenn. 2006)("[w]hen read in conjunction with subsection (1), . . . the plain language of § 362(c)(3)(A) dictates that the 30-day time limit only applies to 'debts' or 'property of the debtor' and not to 'property of the estate.'  (335 B.R. at 806).  See also Baldassaro, 2006 WL 459201 at *4 (issue discussed but not decided).

Although supported by the plain meaning of § 362(c)(3)(A), § 101(12) and § 102(2), this interpretation also makes sense from a policy perspective.  It is important in chapter 13 cases to protect property of the estate from automatic termination under § 362(c)(3)(A), because estate property may be needed to consummate the debtor's chapter 13 plan.[1]  It is even more important to protect property of the

---

[1] Property of the estate revests pursuant to § 1327(b) in the debtor upon confirmation of the plan  unless otherwise provided in the plan or confirmation order.  Some courts routinely provide that the

10

estate in chapter 7 cases, to which § 362(c)(3)(A) also applies. 11 U.S.C. § 103(c). In a chapter 7 case, the chapter 7 trustee has the duty to administer the assets of the bankruptcy estate. 11 U.S.C. § 704(a)(1). Keeping the stay in place with respect to property of the estate, even in cases where there has been a dismissal in the prior year, is an important protection for creditors.

In this case, the only action taken by a creditor against the debtor is the foreclosure proceeding brought by National. The debtor's plan has not been confirmed and the real property securing National's secured claim is still property of the estate and thus protected by the automatic stay of § 362(a)(4). Therefore, no extension of the automatic stay is needed.

In Paschal, the court extended the stay as a precautionary measure, see Paschal at *6, but that relief has not been requested here.[2] In the event that a higher court shall have a different

---

debtor's property remains property of the estate until the plan is completed. Johnson, 335 B.R. at 807.

[2]The debtor requested an extension of the stay as an alternative to the declaratory relief, but since the court allowed the declaratory relief, the alternative relief is not required.

11

view of § 362(c)(3)(A), the court may reconsider whether an extension of the stay is required.

**SO ORDERED.**

**DATED:   March 21, 2006**

A. Thomas Small
United States Bankruptcy Judge